## STATE v. WILLIAM H. THORNTON.
## STATE EX REL. WILLIAM H. THORNTON v.
## RALPH H. TAHASH.

180 N. W. (2d) 858.

October 30, 1970—Nos. 40198, 40855.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Defendant appeals from a judgment of the District Court of Hennepin County entered following his plea of guilty to third-degree murder; also, from an order of the District Court of Washington County dismissing his postconviction petition for a writ of habeas corpus.

It appears from the record that on the evening of May 8, 1965, defendant spent the evening drinking at a cafe in Minneapolis where his wife was employed. After returning home sometime after midnight, he slept for a short period on the living room couch. About 2:30 a. m. he entered the bedroom where his wife and 7-year-old son were in bed. Defendant pushed his wife out of bed and stabbed her with a butcher knife. She died a short time thereafter.

The police arrived at defendant's home about 3:30 a. m. and took defendant to police headquarters where he gave and signed a statement. In it he acknowledged having been told that he need not give a statement. He also refused an offer to call an attorney. According to the record, an alcoholic test administered shortly after he gave his statement to the police showed a blood-alcohol concentration of .18. Defendant's appellate brief states that he was intoxicated and also that he "was so drunk at the time of the slaying and the confession, he remembered little of what occurred." His children, some of whom witnessed the crime, gave a joint statement the next day implicating their father.

On May 18, 1965, an indictment was returned by the Hennepin County grand jury accusing defendant of the crime of murder in the second degree. The next day he appeared in district court and was arraigned on the indictment. He was represented by an assistant Hennepin County public defender, who requested a pre-plea psychiatric examination.

On June 25, 1965, after the return of the findings of that examination, defendant appeared in district court with his attorney, Kermit A. Gill, Hennepin County public defender, who requested that his client be allowed to plead guilty to a reduced charge of third-degree murder. The request was granted. Defendant entered a plea of guilty to the lesser offense and was sentenced to the commissioner of corrections for an indeterminate term not to exceed 25 years.

A notice of appeal from the judgment of conviction was filed on December 17, 1965. However, no subsequent action was taken

until a petition for habeas corpus was filed in Washington County District Court on January 5, 1967. A writ was issued in response to the petition, but following a hearing the court ordered that the writ be discharged. An appeal to this court from that order was dismissed by stipulation of the parties on June 23, 1967. On May 27, 1969, this court granted defendant's motion to reinstate the habeas corpus appeal and to consolidate it with the appeal from the judgment. Defendant is represented by the state public defender on these consolidated appeals.

Defendant claims that (1) his plea of guilty was not voluntarily entered because it was prompted by an illegally obtained confession which defendant's attorney failed to tell him was inadmissible at a trial; (2) his plea of guilty was not voluntary because it was induced by fear his children would be harmed if he pled not guilty; and (3) he was denied the effective aid of counsel because counsel advised a plea to murder in the third degree, to spare defendant's children an ordeal, although an essential element of second-degree murder, with which he had been charged, could not be proved.

A review of the record satisfies us that under our rules and decisions neither the appeal from the judgment nor the appeal in the habeas corpus proceedings has sufficient merit to justify a reversal. We do not consider it necessary to set out in detail all of the testimony received in connection with defendant's appearances in the proceedings prior to his conviction or in the habeas corpus proceedings. It appears to us that he was well represented by public defenders at all times. Before entering his plea of guilty to the lesser charge, defendant was examined by the court, the county attorney, and his counsel. Defendant acknowledged that he was aware that the charge of murder in the second degree carried a possible prison term of 40 years; that he was entitled to a jury trial on that charge; that he was presumed innocent until proved guilty beyond a reasonable doubt; that the jury verdict of 12 jurors must be unanimous; and that by pleading guilty to murder in the third degree he could be sen-

tenced to a term not to exceed 25 years. It also appears that defendant's plea to third-degree murder was voluntary, as evidenced by his own testimony when questioned by his attorney at the time the plea was entered:

"Q. And have any threats or promises been made to you by myself or any other person to induce you to enter this plea of guilty to Murder in the Third Degree?

"A. No.

"Q. Is that correct?

"A. That is correct.

\*  \*  \*  \*  \*

"Q. And is this plea of guilty to Murder in the Third Degree entered of your own free will and accord?

"A. It is."

By affidavit admitted at the habeas corpus proceedings, defendant's attorney (Mr. Gill) stated that at the time the plea was entered he had thoroughly investigated the facts and law pertaining to the case and that he had thoroughly discussed with defendant the admissibility of defendant's confession and his legal rights if he chose to plead not guilty. The judge at the habeas proceedings stated that he did not believe what the defendant said and that "[h]e remembers just what he wants to remember \* \* \* so as to get himself out of a crime."

It is our opinion that the record establishes that the defendant entered a voluntary plea of guilty to murder in the third degree with the competent advice of court-appointed counsel and that there is a valid basis for defendant's conviction of that crime. The record sustains his conviction, as well as the order discharging the writ of habeas corpus.

Affirmed.